# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Landon Amini,

    Plaintiff,

v.

CSAA General Ins. Co,

    Defendant.

2:15-cv-0402-JAD-GWF

**Order**
[#4, 10, 15]

    Landon Amini sues his automobile insurance carrier, CSAA General Insurance Company, claiming that the insurer's handling of his 2013 car-accident claim was in bad faith, violated Nevada's Unfair Claims Practices laws, and breached his policy and its implied covenant of good faith and fair dealing.[1] CSAA moves to dismiss Amini's statutory-violation claim and punitive damages prayer as insufficiently pled.[2] Amini moves to remand this case for untimely removal.[3] CSAA opposes remand and seeks Rule 11 sanctions for what it claims was a patently frivolous remand argument.[4] I find that Amini's conclusory allegations fail to state a plausible cause of action under Nevada's Unfair Claims Practices Act or punitive damages prayer, and I dismiss these portions of the complaint with leave to amend. I deny the motion to remand because I find that the removal was timely, and I decline to award sanctions because CSAA has failed to demonstrate compliance with Rule 11's safe-harbor provision.

## Discussion

**A.   Motion to Dismiss**

    Amini organizes his complaint into four causes of action: (1) "bad faith," (2) "bad faith and unfair claims practices," (3) "breach of contract," and (4) "breach of the covenant of good faith and

---

[1] Doc. 1-2.

[2] Doc. 4.

[3] Doc. 10.

[4] Docs. 13, 15.

fair dealing." In his bad faith and statutory claims Amini prays for "an award of punitive and exemplary damages."[5] CSAA moves to dismiss Amini's second claim for relief and all prayers for punitive and exemplary damages, arguing that the complaint lacks any supportive facts. I agree.

Federal Rule of Civil Procedure 8(a) supplies the standard for pleadings in a federal cause of action and requires that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[6] "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."[7] The court is also "not bound to accept as true a legal conclusion couched as a factual allegation."[8] To state a "plausible" claim for relief, a plaintiff must "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[9]

Plaintiff's complaint is almost completely devoid of factual content. The allegations that comprise Amini's "bad faith and unfair claims practices" claim are little more than buzzwords and conclusory regurgitations of the subsections of NRS 686A.310.[10] The same is true of his punitive and exemplary damages prayer. Amini states baldly that the insurer's handling of his claim "has been negligent, fraudulent, oppressive, and malicious, and in bad faith," and that "Defendants acted fraudulently, in fad faith, and with malice and oppression so as to justify an award of punitive and

---

[5] Doc. 1-2.

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[8] *Id.* (quoting *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).

[9] *Iqbal*, 556 U.S. at 678-79.

[10] *See* Doc. 1-2 at 4-5.

exemplary damages."[11] A reading of the complaint leaves me with absolutely no idea what Amini claims CSAA and its agents actually did in the handling of his claim. These mere labels and conclusions are simply insufficient to survive dismissal under *Iqbal* and *Twombly*. Plaintiff's second cause of action and all punitive damages allegations are dismissed.

    The dismissal is awarded with leave to amend if Amini can provide detailed facts to support this claim and a punitive-damages prayer. Rule 15 of the Federal Rules of Civil Procedure requires district courts to "freely give leave [to amend] when justice so requires."[12] The Ninth Circuit has long recognized that this policy is "to be applied with extreme liberality."[13] In the seminal leave-to-amend case of *Forman v. Davis*, the United States Supreme Court explained, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the Plaintiff] ought to be afforded an opportunity to test his claim on the merits."[14] Still, amendment is not automatic. If reasons justify denying opportunity to amend, the court has discretion to foreclose amendment.[15] In the Ninth Circuit, courts consider five factors when determining whether to grant leave: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.[16] After considering these factors here, I am not yet convinced that Amini cannot state sufficient facts to support his too-thin allegations, and I give him one more opportunity to state his second cause of action and punitive damages prayer if he has the facts to support them.

    One additional point on amendment. If plaintiff does take this opportunity to amend his complaint, I note that his complaint presently purports to plead bad faith within three different

---

[11] *Id.* at ¶¶ 15, 17, 21.

[12] Fed. R. Civ. Proc. 15(a)(2); *Sonoma County Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

[13] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).

[14] *Forman v. Davis*, 371 U.S. 178, 182 (1962).

[15] *See Forman*, 371 U.S. at 182.

[16] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

claims. His first claim for relief is actually entitled "bad faith." His second claim—though it appears to be focused on the statutory-violation theory—also has "bad faith" in its title. And his fourth claim for relief is entitled "breach of the covenant of good faith and fair dealing." Of course, "bad faith" is just the shorthand way of saying "breach of the implied covenant of good faith and fair dealing"; these are not two different legal theories and should not occupy two causes of action.[17] Should plaintiff take the opportunity to file a third amended complaint to cure the deficiencies in his NRS 686A.310 claim and/or punitive-damages allegations, the court highly recommends that he also carefully evaluate whether he should be pleading more than one bad-faith claim.

### B.     Motion to Remand

It took plaintiff three tries to name the right defendant entity in this case, which was commenced on October 7, 2014, in the Eighth Judicial District Court. Plaintiff finally got the right entity in his second amended complaint filed on February 4, 2015, and served on February 13, 2015. CSAA removed the case on March 5, 2015.[18] Plaintiff moves for remand, claiming that CSAA's removal was untimely: the removal obligation is triggered not by service but by receipt of the pleading, and because CSAA has known about this action since October, its 30-day removal period had long-since expired by March 5th.[19]

I do not share plaintiff's interpretation of 28 U.S.C. § 1446(b). The provision gives a defendant 30 days after receipt "of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based. . . ."[20] As the Ninth Circuit expressed in *Harris v. Bankers Life and Casualty Company*, the 30 day period for removal is triggered by the defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary to determine that federal jurisdiction exists.[21] When the citizenship of the parties is

---

[17] *See, e.g., Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 384 (Nev. 1993).

[18] Doc. 1.

[19] Doc. 10.

[20] 28 U.S.C. 1446(b).

[21] *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005).

unclear or ambiguous—as can be the case when an intended defendant has been wrongly identified—the pleading may be an "indeterminate" one from which removability cannot be determined.[22] Thus, in *Harris*, the court held that a defendant must remove a case within 30-days of mere receipt of a pleading only "if the case stated by the initial pleading is removable on its face."[23]

Because it took plaintiff three tries before his pleading set for a claim for relief against this defendant, I cannot say that the case was plainly removable on the face of the complaint until the second amended complaint was filed on February 4, 2015. This conclusion is supported by the United States Supreme Court's general acknowledgment in *Murphy Brothers v. Michetti Pipe Stringing, Inc.*[24] of Congress's intent to ensure that defendants know they are the subject of a suit before the removal period begins. CSAA's counsel received—by accepting service of—Amini's second amended complaint on February 13, 2015,[25] and the 30-day removal deadline was then triggered. Accordingly, the insurer's March 5, 2015, removal was well within the 30-day removal period. The motion to remand is denied.

### C.     Motion for Rule 11 Sanctions

Finally, CSAA moves for sanctions under FRCP 11, arguing that plaintiff's motion to remand was "asserted without *any* reasonable pre-filing inquiry as required by Rule 11."[26] Ironically, CSAA's motion must be denied because it, too, failed to perform steps required by Rule 11.

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'"[27] "A motion for sanctions may not be filed, however,

---

[22] *Id.* at 695.

[23] *Id.* at 694.

[24] *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351-52 (1999).

[25] Doc. 10 at 4.

[26] Doc. 15 at 2.

[27] *Islamic Shura Council of S. California v. F.B.I.*, 757 F.3d 870, 872-73 (9th Cir. 2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

unless there is strict compliance with Rule 11's safe harbor provision,"[28] which requires a party seeking sanctions to first serve its motion for sanctions on the offending party at least 21 days before filing the motion with the court.[29]

CSAA does not mention Rule 11's safe harbor requirement or its compliance with it, and I deny the request for Rule 11 sanctions on this basis. To the extent that CSAA also asks me to award sanctions under the court's inherent power to sanction counsel, I do not find that CSAA has demonstrated good cause for sanctions, and I decline the invitation to exercise the court's powers for this purpose. Accordingly, CSAA's motion for sanctions is denied.

## Conclusion

IT IS THEREFORE ORDERED that CSAA's Partial Motion to Dismiss **[# 4] is GRANTED. Plaintiff's second claim for relief and punitive and exemplary damages allegations are DISMISSED with leave to amend.** Plaintiff has until **June 16, 2015**, to file an amended complaint if he can truthfully state facts to support an NRS 686A.310 claim and/or a punitive damages prayer;

IT IS FURTHER ORDERED that Plaintiff's motion to remand **[# 10] is DENIED**; and

IT IS FURTHER ORDERED that CSAA's motion for sanctions **[# 15] is DENIED.**

Dated this 29th day of May, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[28] *Id.*

[29] Fed. R. Civ. Proc. 11(c)(2).