UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Landon Amini,

    Plaintiff

v.

CSAA General Ins. Co.,

    Defendant

2:15-cv-00402-JAD-PAL

**Order Denying Motion to Reconsider**

[ECF No. 72]

    Landon Amini sues his automobile-insurance carrier, CSAA General Insurance Company, claiming that its handling of his 2013 car-accident claim breached his policy and the covenant of good faith and fair dealing and violated Nevada's Unfair Claims Practices Act (UCPA).[1] On November 4, 2016, I granted CSAA's motion for summary judgment on Amini's bad-faith and UPCA claims and struck Amini's requests for attorney's fees and punitive damages.[2] Amini moves me to reconsider that order. Because Amini has given me no valid reason to reconsider my previous order, I deny the motion to reconsider.

**Discussion**

    A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[3] Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[4] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments

---

[1] ECF No. 19.

[2] ECF No. 69.

[3] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[4] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

upon which the court already has ruled."[5]

CSAA represented in its summary-judgment reply that the expert report of Attorney Charles M. Miller—upon which Amini's opposition almost exclusively relied—had not been properly disclosed to defense counsel.[6] In the motion to reconsider, Amini explains that the report was in fact disclosed to previous defense counsel.[7] Amini thus asks me to reconsider the summary-judgment order to the extent CSAA's representation that the report had not been properly disclosed played any role in that decision.[8]

In ruling on CSAA's summary-judgment motion, I declined to consider the report because Miller's testimony would be excluded at trial if it was not disclosed to defense counsel. I also stated that, even were I to consider the report, it could not be used to prove the existence of facts in the record as Amini attempted to do.[9] Even considering the report, Amini fails to shift the burden back to CSAA to show that it had no reasonable basis to dispute the amount of his claim or that it knew or recklessly disregarded the fact that there was no reasonable basis for doing so, as is required to survive summary judgment on his bad-faith claim. His UCPA claim still fails as a matter of law, and the record still does not support his prayer for punitive damages. Because consideration of Miller's report does not change my conclusion as to Amini's bad-faith and UCPA claims and requests for punitive damages and attorneys fees and this is the sole basis for reconsideration, I deny Amini's motion and I decline to reconsider my summary-judgment order.

---

[5] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[6] ECF No. 68.

[7] ECF No. 72 at 2.

[8] *Id.* at 3.

[9] I noted that the report would be admissible only as evidence of Miller's opinions, not to prove the existence of facts in the record as set forth in the report, as Amini attempts to do. *In re Citric Acid Litigation*, 191 F.3d 1090, 1101 (9th Cir. 1999).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Amini's motion to reconsider **[ECF No. 72] is DENIED.**

Dated this 23rd day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge